IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SUTTON, | ) | |
|     Petitioner, | ) | Civil Action No. 14-82 Erie |
| | ) | |
| v. | ) | District Judge J. Frederick Motz |
| | ) | Magistrate Judge Susan Paradise Baxter |
| NANCY GIROUX, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [ECF No. 5] be granted, that the petition for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Background**

On April 16, 2002, the petitioner, John Sutton, shot and killed his estranged wife. He was charged in the Court of Common Pleas of Erie County with Criminal Homicide and Crimes Committed with Firearms. Following a jury trial in May 2003, Sutton was convicted of third-degree murder. On or around June 24, 2003, the Court of Common Pleas sentenced him to a term of 18 to 40 years' imprisonment.

In February 2004, Sutton was permitted to file a direct appeal *nunc pro tunc*. Robert J. Trambley, Public Defender of Crawford County, represented him. On November 3, 2004, the Superior Court of Pennsylvania affirmed his judgment of sentence. Commonwealth v. Sutton, No. 338 WDA 2004, slip op. (Pa.Super. Nov. 3, 2004) (Resp's Ex. 1, ECF No. 5 at 6-13). Sutton did not file a petition for allowance of appeal ("PAA") with the Supreme Court of Pennsylvania. Accordingly, his judgment of

1

sentence became final on or around December 2, 2004, upon expiration of the time to file a PAA. Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641, 653-56 (2012) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around March 23, 2006, Sutton filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq.* (Resp's. Ex. 2). He raised claims of ineffective assistance and also wanted his direct appeal rights to be reinstated. He attached to his PCRA petition documents that he contended demonstrated that the Clerk of Courts of Crawford County and Public Defender Trambley misinformed him about the status of his direct appeal. The PCRA court appointed Jeffrey K. Millin, Esquire, to represent Petitioner.

In March 2007, the PCRA court issued an Opinion in which it held that Sutton's petition was untimely under the PCRA's one-year statute of limitations, 42 PA.CONS.STAT. § 9545(b). Sutton filed an appeal with the Superior Court. On May 23, 2008, the Superior Court issued a Memorandum in which it affirmed the PCRA court's decision. It held:

> On appeal, Sutton raises the following issue for our review:
>
>> Whether the Appellant's PCRA Petition should be considered timely where the Appellant: (1) made numerous attempts to find out the status of his appeal to the Superior Court; (2) received letters from Crawford County Public Defender and the Crawford County Clerk of Courts misstating the status of the appeal; and (3) was never notified of the Superior Court's decision on the appeal?
>
> Appellant's Brief, at 3.
> - - -
> Sutton filed the instant petition on March 23, 2006; thus, it is governed by the 1995 amendments to the PCRA, which were enacted on November 17, 1995, and became effective sixty days later. See Commonwealth v. Jones, 572 Pa. 343, 815 A.2d 598 (2002). Under those amendments to the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in

2

42 PA.CONS.STAT.ANN. § 9545(b)(1)(i)-(iii) apply. The "PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." Commonwealth v. Flanagan, 578 Pa. 587, 621, 854 A.2d 489, 509 (2004).

The judgment of sentence entered in this matter became final at the conclusion of direct review or the expiration of the period for seeking such review. See 42 PA.CONS.STAT.ANN. § 9545(b)(3). As noted, the record does not reveal that Sutton filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. Therefore, Sutton's judgment of sentence became final thirty days after this Court dismissed his appeal, on December 2, 2004. See Pa.R.A.P., Rule 1113(a) … (petition for allowance of appeal with the Pennsylvania Supreme Court shall be filed "within 30 days of the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed").

As such, Sutton's PCRA petition is patently untimely; it was filed well-after one year of the date that his judgment of sentence became final. As previously mentioned, however, section 9545 also provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; and (3) a newly-recognized constitutional right. [42 PA.CONS.STAT.ANN. § 9545(b)(1)(i)-(iii)]. To invoke an exception, the petitioner must plead it and satisfy the burden of proof. See Commonwealth v. Beasley, 559 Pa. 604, 608, 741 A.2d 1258, 1261-62 (1999), reargument denied. In addition, any exception must be raised within sixty days of the date the claim could have been presented. [42 PA.CONS.STAT.ANN. § 9545(b)(2)].

Instantly, Sutton invokes both the governmental interference and after-discovered evidence exceptions to the PCRA's jurisdictional time-bar. In support of his claims, Sutton argues that despite repeated efforts to contact his appointed counsel, the Crawford County Clerk of Courts, and the Prothonotary of the Pennsylvania Superior Court regarding the status of his direct appeal, he did not receive any information until almost a year after the appeal was denied, when, in November 2005, Sutton received letters that no outstanding matters on appeal were pending in his case. See Correspondence, 11/9/05, Eleanor R. Valecko, Deputy Prothonotary, The Superior Court of Pennsylvania; 11/17/05, Patricia A. Wetherbee, Clerk of Courts, Crawford County. Sutton additionally claims that he never received a copy of this Court's memorandum decision filed on November 3, 2004, in which we affirmed his judgment of sentence.

Even if we were to find that Sutton qualifies for relief under the timeliness exceptions to the PCRA, we are unable to afford relief. As previously noted, as early as November 9, 2005, Sutton had received notice from this Court's Deputy Prothonotary that no appeals or motions regarding Sutton's case were pending. Therefore, we agree with the PCRA court that as of November 2005 Sutton was on notice that his appeal had ended in some fashion. However, Sutton failed to file his PCRA petition until almost four months later, on March 23, 2006. As Sutton failed to file his PCRA petition within sixty

3

days of the date the claim could have been presented as required by 42 PA.CONS.STAT.ANN. § 9545(b)(2), we are constrained to find that Sutton's PCRA petition is patently untimely. Accordingly, we affirm the PCRA court's order denying Sutton's PCRA petition.

Commonwealth v. Sutton, No. 796 WDA 2007, slip op. at 6-9 (Pa.Super. May 23, 2008) (footnotes omitted).[1] On October 30, 2008, the Supreme Court of Pennsylvania denied a PAA.

On April 21, 2010, Sutton filed a second PCRA petition, which the PCRA court dismissed as untimely on May 18, 2010. On September 29, 2010, Sutton asked the PCRA court for leave to appeal *nunc pro tunc*. The PCRA court denied Sutton's request on October 12, 2010. Commonwealth v. Sutton, No. 818 WDA 2013, slip op. at 2 (Pa.Super. Sept. 24, 2013).

Over two years later, on February 6, 2013, Sutton filed in state court a "motion for leave to proceed in forma pauperis pursuant to existing rights." The PCRA court held that Sutton's "Motion appears to be a request by [him] to have the Court reconsider and grant him an evidentiary hearing based on our refusal to do so in an April 27, 2010 Memorandum and a final Order of May 18, 2010 dismissing his second petition for PCRA relief without a hearing." Id. at 3. Sutton filed a notice of appeal. In his Rule 1925(b) statement, "he did not indicate what he intended to argue, but rather listed the time-bar exceptions." Id.

On September 24, 2013, the Superior Court issued a Memorandum in which it affirmed the PCRA court's denial of Sutton's motion. It held:

> Our review indicates that appellant's "motion for leave to proceed *in forma pauperis* pursuant to existing rights" is actually an attempt by appellant to file a habeas corpus petition. In Commonwealth v. Kutnyak, 781 A.2d 1259, 1261 (Pa.Super. 2001), we noted that:

---

[1] The copy of the Superior Court's 2008 Memorandum that Respondents attached to their motion to dismiss is missing page 8. Likewise, the copy of a Superior Court's 2013 Memorandum that Sutton attaches to his petition is missing several pages. The Court has obtained a complete copy of each Memorandum from the Superior Court's Prothonotary and they are attached to this Report and Recommendation. The parties are reminded that all documents that they provide to the Court must be copied or scanned accurately, legibly, and in full.

4

> the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief. Commonwealth v. Bronshtein, 561 Pa. 611, 614 n. 3, 752 A.2d 868, 869-70 n. 3 (2000). This is true regardless of the manner in which the petition is titled. Commonwealth v. Hutchins, 760 A.2d 50, 52 n. 1 (Pa.Super. 2000). Indeed, the PCRA statute specifically provides for such treatment:
>
>> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.
>
> 42 Pa.C.S.A. § 9542.
>
> As this court stated when it affirmed the denial of appellant's first PCRA petition, his judgment of sentence became final on December 2, 2004. Thus, in accordance with the timeliness requirements of the PCRA, any second or subsequent petition filed by appellant had to be filed on or before December 2, 2005, one year after his judgment of sentence became final. See 42 Pa.C.S.A. § 9545(b)(1). Appellant's motion for leave to proceed in forma pauperis pursuant to existing rights was filed on February 6, 2013, more than seven years after the deadline for filing a timely PCRA petition. Moreover, appellant does not raise any exceptions to the timebar.

Id. at 3-4 (footnote omitted). On February 19, 2014, the Supreme Court of Pennsylvania denied a PAA.

On March 7, 2014, Sutton filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He contends that Public Defender Trambley "abandoned" him during his direct appeal proceeding and that, as a result, he has "lost his appellate rights and … the state (Pa.) judicial powers in this case are using bill(s) of attainder and ex post facto law to abuse of power denying Const. (Pa. & U.S.) right to due process to prove innocence." [ECF No. 2 at 5].

Respondents have filed a motion to dismiss Sutton's habeas petition. [ECF No. 5]. They argue that the Court must dismiss the petition because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d). Sutton filed a Reply [ECF No. 9] to the Respondents' motion.

5

**B.    Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Most federal habeas cases fall within § 2244(d)(1)(A), with AEDPA's limitation period beginning to run on the date the petitioner's judgment of sentence became final. Sutton's judgment of sentence became final on or around December 2, 2004. Accordingly, he had until on or around December 2, 2005, to file a timely petition for a writ of habeas corpus with this Court. Under

§ 2244(d)(1)(A), Sutton's March 7, 2014, federal habeas petition is untimely by more than 8 years and three months.[2]

In his Reply, Sutton contends that the Court should calculate AEDPA's limitations period under § 2244(d)(1)(B), not § 2244(d)(1)(A). As set forth above, § 2244(d)(1)(B) provides that AEDPA's limitation period shall run from "the date on which the impediment to filing an application created by State action … is removed … if the applicant was prevented from filing by such State action." Even if the Court applied that subsection here, Sutton's application for habeas relief would still be untimely by many years. Sutton was notified by at least November 9, 2005, that he had no appeal pending before the Superior Court. On May 23, 2008, the Superior Court issued its Memorandum holding that he could not receive any relief under the PCRA. Sutton has not identified an "impediment to filing" his federal habeas petition that would explain why he waited until March 7, 2014, to commence this case.[3]

Based upon all of the foregoing, Respondents' motion to dismiss [ECF No. 5] should be granted. They are correct that Sutton's habeas petition is untimely.

---

[2] Sutton's PCRA petitions were filed well after AEDPA's statute of limitations expired, so they could not serve to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). Moreover, because the state court deemed them to be untimely under state law, they do not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted); id. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

[3] For these same reasons, any argument by Sutton that "equitable tolling" makes this case timely filed must be rejected. The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Sutton has not made a showing of either element, and the Court must conclude that this case is not the rare one in which equitable tolling would apply. Sutton may not have understood the implications of waiting so long to file his federal habeas corpus petition, but it is well established that "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013) (citations omitted).

7

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition should be dismissed as untimely. Accordingly, a certificate of appealability should be denied.

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 5] be granted, that the petition for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 21, 2014

cc:    The Honorable J. Frederick Motz
       United States District Judge